United States District Court
Southern District of Texas
**ENTERED**
August 15, 2017
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| CHASTITY STEWART, | § |
| Plaintiff, | § |
| | § |
| VS. | §   CIVIL ACTION NO. H-16-948 |
| | § |
| PEARLAND CAPITAL GROUP, LP, | § |
| | § |
| Defendant. | § |

**MEMORANDUM AND OPINION**

Chastity Stewart worked as a guest-services agent at a hotel owned by the defendant, Pearland Capital Group, LP, from August 2014 to October 2015. She alleged that Pearland Capital Group failed to pay overtime to her and those similarly situated to her, in violation of the Fair Labor Standards Act. Stewart filed a motion for conditional certification, which the court granted. No one opted in, and this case remains a single-plaintiff FLSA overtime dispute.

Pearland moved for summary judgment on the ground that Stewart's FLSA claim is precluded by the Texas Workforce Commission's finding that Stewart was not owed overtime pay. (Docket Entry No. 42). Stewart has responded, and Pearland replied. (Docket Entry Nos. 43, 44). Based on a careful review of the motion, response, and reply; the record; and the relevant law, Pearland's summary judgment motion is granted. The reasons are set out below.

**I.      Background**

Chastity Stewart was employed as a front-desk guest-services agent at a Hilton Garden Inn hotel in Pearland, Texas from August 2014 to October 2015. (Docket Entry No. 19 at ¶¶ 1, 12). After she was fired, Stewart filed a claim with the Texas Workforce Commission for unpaid overtime wages. (Docket Entry No. 42, Exs. 1, 2). The Texas Workforce Commission found that Stewart for was not entitled to the $737.00 she sought as unpaid overtime wages because "the

evidence provided indicates that the employer paid the claimant the correct amount." (*Id.*, Ex. 2 at 4).

After her claim was denied by the Texas Workforce Commission, Stewart filed this suit against her former employer.  She alleged that Pearland failed to pay her and those similarly situated overtime pay owed under the FLSA.  (Docket Entry No. 19 at ¶ 1).  Stewart alleged that Pearland failed to keep accurate time records and at times altered time cards to misrepresent the amount of overtime worked.  (*Id.* at ¶¶ 4, 9).

Stewart filed a motion for conditional certification of a class consisting of fellow front-desk guest-service agents employed by Pearland within the past three years.  (Docket Entry No. 18).  The motion for conditional certification was granted.  (Docket Entry No. 22).  No one opted in to the class by the deadline.  Stewart's claim is the only one pending.

After discovery, Pearland moved for summary judgment on the ground that the Texas Workforce Commission's finding that Stewart was not entitled to overtime wages bars this suit. (Docket Entry No. 42).  Stewart responded, and Pearland replied.  (Docket Entry Nos. 43, 44). Pearland's argument is analyzed under the applicable legal standards.

## II.   The Summary Judgment Legal Standard

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)).  "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).  "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those

portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (quotation marks omitted); *see also Celotex*, 477 U.S. at 325.  Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted).  "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

"Once the moving party [meets its initial burden], the non-moving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *EEOC*, 773 F.3d at 694).  The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007).  "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075).  In deciding

3

a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*, 783 F.3d at 536.

### III.    Anaysis

Pearland moves for summary judgment on its affirmative defense that issue preclusion, or collateral estoppel, bars Stewart's claim. Pearland argues that Stewart litigated the same overtime claim before the Texas Workforce Commission, which found that "the employer paid [Stewart] the correct amount" of wages. (Docket Entry No. 42, Ex. 2 at 4).

To establish issue preclusion, (1) the facts sought to be litigated in the second action must have been fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Thakkar v. Balasuriya*, Civ. No. H-09-0841, 2009 WL 2996727, at *7 (S.D. Tex. Sept. 9, 2009). Issue preclusion is narrower than claim preclusion, or res judicata. *Id.* (citing *Avila v. St. Luke's Lutheran Hospital*, 948 S.W.2d 841, 847–48 (Tex.App.—San Antonio 1997, writ denied). Issue preclusion bars only the relitigation of identical issues of fact or law that were actually litigated and essential to the judgment in a prior suit; it does not bar issues that might have been, but were not, raised and adjudicated in a prior proceeding. *Id.* The Texas Supreme Court has held that a Texas Workforce Commission determination is entitled to preclusive effect. *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86–89 (Tex. 2008); *see In Re Erlewine*, 349 F.3d 205, 210 (5th Cir. 2003) ("The federal full faith and credit statute requires us to give state court judgments the same preclusive effect that they would enjoy in the courts of the rendering state.").

Stewart argues that she presented a different claim in this suit than she did in the Texas Workforce Commission proceeding. She contends that she only sought "unpaid wages" before the

Commission while she seeks "overtime wages" in this suit.  (Docket Entry No. 43 at 3).  The record undermines this argument.  In the Texas Workforce Commission proceeding, Stewart claimed that "she was not paid her overtime" and that "the employer would move the hours to the next payperiod to avoid overtime."  (Docket Entry No. 42, Ex. 2 at 3).  Stewart presents an identical claim in this suit.  (*See* Docket Entry No. 19 at ¶ 3) ("Plaintiff allege[s] on behalf of [herself] and the proposed Plaintiff class that they are and have been entitled to overtime pay for overtime worked"); (*Id.* at ¶ 27) (A Pearland supervisor changed "Plaintiff's actual hours worked, omitting the overtime worked and falsely reflecting that she had worked less hours than she had actually worked.").  The facts litigated in the Texas Workforce Commission proceeding and presented in this suit are identical. These facts were essential to the Commission's finding that Stewart was not entitled to overtime wages.  *See Thakkar*, 2009 WL 2996727, at *8.

Stewart also argues that she did not have the opportunity to fully and fairly litigate her claim before the Texas Workforce Commission because "she missed the three-day window allowed to furnish" supporting documentation.  (Docket Entry No. 43 at ¶ 10).  This argument does not show that Stewart did not have the opportunity to fully and fairly litigate her before the Commission.  *See Thakkar*, 2009 WL 2996727, at *8 ("The facts that [the plaintiff] may not have been represented by an attorney and may not have presented all of the available evidence, do not negate the fact that the TWC administrative process in which he participated afforded him a full and fair opportunity to litigate the questions of whether he had worked any overtime and whether he had been paid for all the hours he had worked.").   Stewart also points to her amended complaint as "undisputed evidence" showing that time sheets were modified, and that this information was not available during the Texas Workforce Commission proceeding.  Her allegations in this case are not undisputed or even competent summary judgment evidence.  *Stingley v. Den-Mar Inc.*, 347 F. App'x 14, 18 (5th

Cir. 2009) (citing FED. R. CIV. P. 56(c)).  The competent summary judgment evidence shows that Stewart had the opportunity to fully and fairly litigate her claim before the Texas Workforce Commission.

Stewart also argues that Pearland is barred from raising issue preclusion as an affirmative defense in its summary judgment motion because it did not plead it in its answer.  (Docket Entry No. 43).  While Pearland did not plead collateral estoppel in its answer to Stewart's original complaint, it did in its answer to Stewart's amended complaint—the live pleading in this case.  (*Compare* Docket Entry No. 10 at 16–17 *with* Docket Entry No. 20 at ¶ 15).

The Texas Workforce Commission's finding that Stewart was not entitled to overtime wages and was paid "the correct amount" is entitled to preclusive effect.  This conclusion is fatal to Stewart's FLSA claim.  *See Thakkar*, 2009 WL 2996727, at *8.  Pearland's summary judgment motion is granted.  (Docket Entry No. 42).  Final judgment is entered by separate order.

## IV.    Conclusion

Pearland's summary judgment motion, (Docket Entry No. 42), is granted.  Final judgment is entered by separate order.

SIGNED on August 15, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge